OPINION
{¶ 1} Appellant, Celeste H., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, granting a change of custody in favor of appellee, Alfred C.
 {¶ 2} Although never married, Celeste and Alfred lived together for many years and had three daughters together, A.C., age 13, M.C., age 12, and E.C., age 10. When the parties separated, Celeste was designated legal custodian and residential parent of M.C. and E.C. while Alfred was awarded legal custody of A.C. Alfred and A.C. remained in his residence where they live with his girlfriend and her 13-year-old son. Alfred's parenting time with his two younger daughters occurs in accordance with a schedule adopted by the juvenile court. Celeste maintains an estranged relationship with A.C. In December 2003, Celeste married. Celeste, M.C. and E.C. moved into her husband's residence. During the first year of marriage, Celeste separated from her husband on several occasions requiring her to move M.C. and E.C. to different residences and enroll the girls in multiple schools.
 {¶ 3} Alfred filed a motion for parenting time and tax exemption on August 20, 2004 and a motion for change of custody of E.C. and M.C. on January 28, 2005. The motions were heard together in a trial conducted by a juvenile court magistrate. On December 13, 2005, the magistrate granted Alfred's motions awarding him legal custody of E.C. and M.C. Celeste filed objections to the magistrate's decision and oral argument was heard on the objections on February 13, 2006. The juvenile court judge affirmed the decision. Celeste timely appealed, raising three assignments of error
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT FOUND A CHANGE OF CIRCUMSTANCES SUFFICIENT TO WARRANT A CHANGE IN CUSTODY OF M.C. AND EC."
 {¶ 6} A trial court's decision allocating parental rights and responsibilities is reviewed under an abuse of discretion standard.Miller v. Miller (1988), 37 Ohio St.3d 71, 74. "An abuse of discretion connotes more than merely an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. R.C. 3109.04(E)(1)(a) states, in pertinent part, "[t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and * * * (iii) [t]he harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 7} Celeste argues in her first assignment of error the trial court abused its discretion by finding a change in circumstances of the children. She claims that "the record simply does not demonstrate by competent and credible evidence of the type of change in circumstances which would warrant a change in the existing custodial arrangement."
 {¶ 8} In finding a change of circumstances, the trial court noted that Celeste has separated from her husband six times requiring Celeste, M.C. and E.C. to move to another residence each time. As a result, the girls have been required to change schools six times, attending five different schools in a two-year period. The court found that these moves were the result of several conflicts between Celeste and her husband. The court also cited that Celeste has exposed the children to the conflict between her and her husband. Celeste acknowledged in her testimony that her husband has a temper and they often fight as a result. The guardian ad litem testified that E.C. revealed to him that Celeste and her husband "fight every morning." Celeste further testified about an incident during the winter of 2004, where her husband left her with the girls in a grocery store parking lot after an argument and they were forced to walk home in very cold weather.
 {¶ 9} The trial court found that Celeste's estrangement from her oldest daughter, A.C., has affected the children's relationship between one another. In addition, the trial court noted Celeste's lack of cooperation and interference with Alfred's parenting time has created a change of circumstances. After reviewing the record, we find the trial court did not abuse its discretion in finding a change of circumstances. Celeste's first assignment of error is overruled.
 {¶ 10} Assignment of Error No. 2:
 {¶ 11} "THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION IN FINDING THAT A MODIFICATION OF THE PRIOR COURT ORDER DESIGNATING [THE MOTHER] AS THE CUSTODIAL PARENT OF [M.C.] AND [EC] WAS IN THE BEST INTERESTS OF THE CHILDREN."
 {¶ 12} In her second assignment of error, Celeste urges the change of custody was not in the best interest of the children. Celeste argues that the girls have lived with her their entire lives and that the record demonstrates that she and her husband provide the children with the care they need, a secure environment, and that she complies with Alfred's visitations.
 {¶ 13} The factors to determine the best interest of a child are: "(a) the wishes of the child's parents regarding the child's care; (b) the child's wishes; (c) the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; (d) the child's adjustment to the child's home, school, and community; (e) the mental and physical health of all persons involved in the situation; (f) the parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; (g) whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor; (h) whether * * * there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child; (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state." R.C. 3109.04(F)(1).
 {¶ 14} In determining that a change of custody is in the best interest of the children, the trial court found that Alfred has been an active part of the lives of M.C. and E.C. The trial court also found that Celeste has not cooperated with Alfred in exercising his parenting time on several occasions. Celeste refused to allow him to take the girls with him to Florida for a vacation in August 2004, even though she did not have any plans for the girls during that time. The court also noted that in October, November and December 2004, Celeste interfered with Alfred's parenting time including problems with the transfer of the children. Testimony revealed that exchanges of the children must now occur at Celeste's mother's home because Celeste's husband often tried to fight and argue with Alfred.
 {¶ 15} The court noted Celeste's estrangement with A.C. is the fault of Celeste. Celeste and A.C. have not seen or talked to each other for several months despite calls from A.C. Celeste also does not facilitate communication or visitation between A.C. and her other daughters. Celeste has not provided birthday or holiday gifts for A.C. A change of custody would benefit all three daughters because they would live together as a unit.
 {¶ 16} In addition, Celeste frequently moved the children and did not inform Alfred. The record supports the trial court's conclusion that Alfred is the parent who is best able to comply with parenting orders and facilitate parenting time with the other parent. As a result, the trial court did not abuse its discretion in finding the change of custody was in the best interest of the children. Celeste's second assignment of error is overruled.
 {¶ 17} Assignment of Error No. 3:
 {¶ 18} "THE TESTIMONY OF THE GUARDIAN AD LITEM WAS SO LACKING IN CREDIBILITY THAT THE TRIAL COURT'S RELIANCE ON IT CONSTITUTED AN ABUSE OF DISCRETION."
 {¶ 19} In her third assignment of error, Celeste argues that the guardian ad litem lacked credibility in making his recommendation that a change in custody would be in the best interest of the children. She cites that he did not examine either of the parent's homes, he never went to the girls' school nor talk to their teachers, and that children stated to him that they were happy staying with their mother.
 {¶ 20} In this case, the guardian ad litem expressed his opinion that a change of custody would be in the best interest of the girls. He testified that he reached this conclusion following an interview with both girls and he did not examine the homes because there was no allegation that either residence was inappropriate or presented any structural issues. "A trial court determines a guardian ad litem's credibility and the weight to be given to any report." Galloway v.Khan, Franklin App. No. 06AP-140, 2006-Ohio-6637, ¶ 70. The record demonstrates that the trial court did not abuse its discretion. The trial court conducted an independent, in camera examination of the girls. As a result, the trial court found that due to the age and maturity of the girls, they were not able to provide meaningful insight regarding their wishes and concerns. The guardian ad litem's testimony was clearly supported and underscored by the testimony of the witnesses. Celeste's third assignment of error is overruled.
 {¶ 21} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.